IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DILLARD TEXAS, LLC, et al** § | |
| § | |
| v. § | NO. A-09-CV-218 JRN |
| § | |
| **JPMCC 2002-CIBC4 HIGHLAND** § | |
| **RETAIL, LLC** § | |

## ORDER

Before the Court is JPMCC 2002-CIBC4 Highland Retail, LLC's Motion to Re-Open Discovery and For a Rule 56(f) Continuance (Clerk's Doc. No. 40), and Defendant's Alternative Motion for a Continuance (Clerk's Doc. No. 28). The motions have been referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). The Court conducted a hearing on the motions on November 18, 2010, and after considering the parties' pleadings and the oral arguments provided at the hearing, it now issues the following order.

Dillard filed suit against Highland Mall Limited Partnership (HMLP) in March of 2009, seeking a declaration that HMLP was in breach of a lease and other agreements between Dillard and HMLP, and that Dillard has no further obligations under those agreements. The parties conducted little or no discovery in the case, electing instead to agree to extensions of the scheduling order deadlines so that they could pursue a settlement of their disputes.[1] After the discovery period closed at the end of March 2010, Dillard filed a motion for summary judgment. Although HMLP responded to Dillard's motion, it also filed a motion seeking a continuance under Rule 56(f). Shortly thereafter, in May of 2010, HMLP assigned its rights in the lease and related agreements to JPMCC 2002-

---

[1] The only discovery conducted to date has been interrogatories and requests for production the parties exchanged in November 2009. They each served written responses to these well after the discovery deadline expired, and three weeks after Dillard filed its motion for summary judgment.

CIBC4 Highland Retail, LLC, and JPMCC assumed HMLP's position in the lawsuit.[2] JPMCC then filed a voluntary petition for bankruptcy and the district judge referred the case to the bankruptcy court. After referral, JPMCC asked the bankruptcy judge to reopen discovery and continue the summary judgment proceedings. In July, at the direction of the bankruptcy judge, Dillard filed an opposition to JPMCC's motions and produced its first set of documents in response to the earlier-served requests for production. In September 2010, before ruling on the motion to reopen, the bankruptcy judge dismissed the bankruptcy proceedings on Dillard's motion, and the district judge revoked the referral. A week later JPMCC filed the instant motion to reopen discovery and for a Rule 56(f) continuance.

JPMCC's argument focuses on fairness—it claims it should not suffer for its predecessor's decision to engage in settlement discussions rather than conduct discovery. This argument is not compelling for a variety of reasons. First, JPMCC is not a naive third party that found itself thrown into the lawsuit by happenstance. Wells Fargo—the same company that created and controls JPMCC—made the loan to HMLP. Wells Fargo voluntarily foreclosed on the loan and assigned the lease to JPMCC, and thus JPMCC voluntarily assumed HMLP's position in the lawsuit. While JPMCC's counsel argued at the hearing that the public filings did not provide notice about the lack of discovery performed, JPMCC had the opportunity to investigate the lawsuit's progress before foreclosing. Second, when a party steps into a prior party's shoes, it traditionally assumes all of the obligations, risks, and liabilities of its predecessor. *E.g.*, *La. Ins. Guar. Ass'n v. Dep't of Labor*, 614 F.3d 179, 187 (5th Cir. 2010). When JPMCC filed a motion to substitute parties (Clerk's Doc. No.

---

[2]JPMCC is a special purpose entity created by Wells Fargo Bank, which was HMLP's lender, and which held a security interest in the mall assets. HMLP was in default under the loan agreements, and when Wells Fargo foreclosed on the assets it transferred them to JPMCC.

30), it stated that it would "'stand in HMLP's shoes' concerning the status of this lawsuit." Motion to Intervene and Substitute Party at 7. Finding HMLP's shoes muddy, JPMCC now seeks Rule 16 and 56(f) continuances to clean them.

JPMCC argues that even if it must step into HMLP's shoes, the Court may grant it a continuance. To support its argument, it cites *Rollins v. St. Jude Med.*, No. 08-0387, 2009 WL 2601376 (W.D. La. 2009). First, this case only *permitted* the reopening of discovery. It did not *mandate* reopening discovery. Further, the reasoning behind reopening discovery there does not apply here. The court in *Rollins* did not want to punish an innocent client for the misfeasance of her attorney and leave her with a malpractice claim as her sole avenue for redress. *Id.* at * 6. But as discussed above, JPMCC is not a naive client unaware of the actions of a negligent attorney. Indeed, it appears that HMLP directed its attorneys to take a settlement approach to the case and not conduct discovery, so the client in this case is not in need of protection from its attorney.

Dillard opposes reopening discovery. It argues that both sides possess sufficient information to complete the summary judgment proceedings and proceed to trial if necessary. Further, Dillard is currently paying rent that it argues it does not owe, and any delay adds to its expenses. Beyond the rent expenses, if the Court reopens discovery, Dillard would incur costs preparing for and attending depositions, complying with discovery requests, and responding to new or amended motions. Finally, Dillard argues that JPMCC does not require depositions to adequately defend its case. The case centers on the condition of the Highland Mall, and Dillard contends that as operator of the mall, JPMCC should have a solid grasp of the facts concerning the mall's condition.

Federal Rule of Civil Procedure 16(b)(4) sets the relevant standard: "[a] schedule may be modified only for good cause and with the judge's consent." There are four factors a court examines

in deciding whether good cause for a modification has been shown: (1) the movant's reasons for needing the extension of the deadline; (2) the importance of the testimony; (3) the prejudice that the respondent would suffer if the extension is allowed; and (4) the availability of a continuance to cure this prejudice. *S & W Enter., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

As previously discussed, JPMCC's reasons for extending the deadline are not compelling. But the second factor, the importance of the testimony, favors reopening discovery. Courts prefer to resolve cases on their merits and not on procedural grounds. Without discovery, the case may not be resolved on the substance of the suit. The third factor examines the prejudice to Dillard. Many of the expenses Dillard points to as evidence of prejudice are expenses that any party filing a suit would expect to incur, and they do not demonstrate the sort of prejudice Rule 16 is concerned with. Reopening discovery will not subject Dillard to duplicative expenses, so this factor does not weigh in Dillard's favor. The final factor considers the effect of a continuance. Here, it would allow both parties to develop the facts of the case.

Consideration of the relevant factors thus counsels in favor of permitting discovery. The Court will therefore reopen discovery until **January 28, 2011,** and limit JPMCC to four depositions during this time period. Dillard may of course also engage in discovery during this period, though the Court will not set a limit on the depositions Dillard may take. The parties may mutually agree to extend this discovery deadline, but the Court orders JPMCC to file its supplemental response to Dillard's motion for summary judgment by **February 18, 2011**. The Court will not allow this deadline to be extended. Once JPMCC files its response, if Dillard wishes to file a reply it may do so in accordance with the local rules.

ACCORDINGLY, IT IS ORDERED that JPMCC's Motion to Re-Open Discovery and For a Rule 56(f) Continuance (Clerk's Doc. No. 40) and Defendant's Alternative Motion for a Continuance (Clerk's Doc. No. 28) are GRANTED as set forth above.

SIGNED this 22nd day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE